**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br><br> *Plaintiff,* <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br> 1200 Pennsylvania Avenue NW <br> Washington, DC 20460 <br><br> *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 17-2599 |

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the Environmental Protection Agency under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.  Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight will use the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.  Defendant Environmental Protection Agency (EPA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. EPA has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.  On November 1, 2017, American Oversight submitted a FOIA request to EPA seeking access to the following records:

    1) All records reflecting any actual or projected expenditures for renovations (including remodeling or changes to décor) of any part of the office suites (including foyers, waiting rooms, conference rooms, adjacent hallways, or other common areas) for any individuals in, or acting in, Senate-confirmed (PAS) positions at your agency.

    2) All communications relating to actual or potential renovations (including remodeling or changes to décor) of any part of the office suites (including foyers, waiting rooms, conference rooms, adjacent hallways, or other common areas) for any individuals in, or acting in, Senate-confirmed (PAS) positions at your agency.

The request sought records from January 20, 2017, to the date of the search.

8. On November 13, 2017, American Oversight sent an unsolicited email to EPA making explicit that the FOIA request should be construed to include records relating to changes to furniture or other tangible objects in the office suites and common areas in question.

9. EPA assigned the FOIA request the tracking number EPA-HQ-2018-001290.

10. On November 15, 2017, EPA sent a letter to American Oversight granting American Oversight's request for a fee waiver under 40 C.F.R. § 2.107(l) in connection with its FOIA request.

11. American Oversight has received no further communication from EPA regarding the processing of its FOIA request.

12. EPA has not made a determination whether to grant or deny American Oversight's FOIA request, notwithstanding the obligation of the agency under FOIA to make a determination within twenty working days.

13. Through EPA's failure to make a determination as to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

14. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

15. American Oversight properly requested records within the possession, custody, and control of Defendant.

16. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

17. Defendant has failed to review promptly agency records for the purpose of locating those records which are responsive to American Oversight's FOIA request.

18. Defendant's failure to conduct an adequate search for responsive records violates FOIA.

19. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

20. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21. American Oversight properly requested records within the possession, custody, and control of Defendant.

22. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

23. Defendant is wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its FOIA request.

24. Defendant's failure to provide all responsive records violates FOIA.

25. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA

request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA request submitted to EPA on November 1, 2017;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: December 5, 2017                                   Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367
John E. Bies
D.C. Bar No. 483730
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005

(202) 869-5246
sara.creighton@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*